**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

|  |  |
|---|---|
| **CHARLES LAWSON,** | : |
| **Plaintiff,** | : |
| **VS.** | : **CIVIL ACTION FILE** |
|  | : **NO. 7:06-CV-45 (HL)** |
| **LT. ROB. PICCIOTTI,** | : |
| **Defendant.** | : |

**O R D E R**

Plaintiff has filed a document (# 16) in which it appears that he wishes for this court to appoint counsel for him,   The Clerk of this court has docketed it as a motion for the appointment of counsel**.**  Generally speaking, no right to counsel exists in § 1983 actions.  Wahl v. McIver, 773 F.2d 1169, 1174 (11th Cir. 1985); Hardwick v. Ault, 517 F.2d 295, 298 (5th Cir. 1975); Mekdeci v. Merrel Nat'l. Lab., 711 F.2d 1510, 1522 n.19 (11th Cir. 1983).  Appointment of counsel is a privilege that is justified only by exceptional circumstances. Lopez v. Reyes, 692 F.2d 15, 17 (5th Cir. 1982); Branch v. Cole, 686 F.2d 264, 266 (5th Cir. 1982); Ulmer v. Chancellor, 691 F.2d 209 (5th Cir. 1982).

In deciding whether legal counsel should be provided, the court typically considers, among other factors, the merits of the plaintiff's claim and the complexity of the issues presented.  See Holt v. Ford, 862 F.2d 850, 853 (11th Cir. 1989).  Applying the standards set forth in Holt, it appears that at the present time, the essential facts and legal doctrines in this case are ascertainable by the plaintiff without the assistance of court-appointed legal counsel and that the existence of exceptional circumstances has not been shown by the plaintiff.  The court on its own

motion will consider assisting plaintiff in securing legal counsel <u>if</u> <u>and</u> <u>when</u> it becomes apparent that legal assistance is required in order to avoid prejudice to his rights.

Accordingly, plaintiff's motion for appointment of counsel is **DENIED** at this time.

**SO ORDERED**, this 27th day of December 2006.

*/s/ Richard L. Hodge*
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE